UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| QUINTON DRUMMER, *et al.*, | Case No.: 2:18-cv-01251-RFB-NJK |
| Plaintiff(s), | **REPORT AND RECOMMENDATION** |
| v. | |
| ALPHA TEAM CONSTRUCTION CORPORATION, *et al.*, | |
| Defendant(s). | |

Before the Court is an order for Defendant BG Construction Services, LLC to show cause why case-dispositive sanctions should not be imposed against it for failing to comply with the Court's order to obtain counsel. Docket No. 49. For the reasons stated below, the undersigned **RECOMMENDS** that default judgment be entered against Defendant BG Construction Services, LLC.

On February 25, 2019, the Court granted Leah A. Martin's motion to withdraw as counsel for Defendants BG Construction Services and Hector Beltran. Docket No. 43. The Court ordered that Defendant Beltran must file either a notice of intent to proceed *pro se* or retain new counsel, who must file a notice of appearance in accordance with the local rules, no later than March 27, 2019. *Id*. Further, the Court ordered that Defendant BG Construction Services must retain new counsel, who must file a notice of appearance in accordance with the local rules, no later than March 27, 2019. *Id.* Neither Defendant complied. *See* Docket. Therefore, on March 29, 2019,

the Court ordered Defendants to show cause, in writing, no later than April 11, 2019, why the Court should not recommend default judgment be entered against them. Docket No. 46.

On April 11, 2019, both Defendants filed a response to the Court's order to show cause and a notice of intent to proceed *pro se*. Docket Nos. 47, 48. On April 15, 2019, the Court noted that corporations may appear in federal court only through licensed counsel and ordered Defendant BG Construction Services to retain new counsel, who must file a notice of appearance no later than April 22, 2019. Docket No. 49 at 2. Defendant BG Construction Services failed to comply. *See* Docket.

Defendant BG Construction Service's failure to comply with the Court's orders and to retain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's Orders and the orderly administration of justice. Less drastic sanctions are unavailable here because Defendant BG Construction Service has willfully refused to comply with Court orders and to obtain counsel so that it may continue to participate in this case. Indeed, the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation. *See, e.g., United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam). Moreover, Defendant BG Construction Services has willfully refused to comply notwithstanding the fact that the Court has been exceedingly clear regarding the requirement that corporations may appear in federal court only through licensed counsel, and the fact that the Court has offered repeated warnings that non-compliance would result in the recommendation of case-dispositive sanctions. *See* Docket Nos. 43, 46, 49.

Accordingly, the undersigned **RECOMMENDS** that default judgment be entered against Defendant BG Construction Services for failure to comply with the Court's orders.

IT IS SO ORDERED.

Dated: April 25, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge

## **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).