UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

QUINTON DRUMMER, et al.,

    Plaintiff(s),

v.

ALPHA TEAM CONSTRUCTION, et al.,

    Defendant(s).

Case No.: 2:18-cv-01251-RFB-NJK

**Order**

(Docket No. 54)

Pending before the Court is a joint motion for leave to file a first amended complaint and to set new scheduling order dates.[1] Docket No. 54.[2] The motion is properly resolved without a hearing. Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED**.

**I.    Background**

Plaintiffs brought this collective and class action pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, alleging that Defendants violated the Fair Labor Standards Act and the Nevada Constitution in failing to pay Plaintiffs and similarly situated employees for all hours worked,

---

[1] As an initial matter, the parties' joint motion has numerous issues. First, the parties submit that, along with Defendant Beltran, Defendant BG Construction Service joined the motion. *Id*. at 1. However, on May 28, 2019, the Court entered a default judgment against Defendant BG Construction. Docket No. 52. Additionally, the motion was not signed by Defendant Beltran. *Id*. at 10. A signature, or electronic signature, is required. *See* Local Rule IC 5-1(d), *see also* Local Rule 7-1.

[2] The pagination of Docket No. 54 is not consistent with the CM/ECF pagination. The citations herein refer to the pagination provided by CM/ECF.

including overtime. Docket No. 1 at 1-2. Defendants Beltran, BG Construction Services, LLC filed a motion to dismiss on jurisdictional grounds. Docket No. 14. Defendant Alpha Team Construction Corporation never appeared and is currently in default. Docket No. 36. On February 25, 2019, the Court permitted counsel for Defendants BG Construction and Beltran to withdraw and ordered corporate Defendant BG Construction to retain new counsel. Docket No. 43. However, Defendant BG Construction Service did not retain new counsel, despite the Court's numerous orders to do so. *See* Docket Nos. 43, 46, 49, 50. Accordingly, on May 28, 2019, the Court entered a default judgment against Defendant BG Construction Service. Docket No. 52. On April 11, 2019, Defendant Beltran entered a notice of intent to proceed *pro se*. Docket No. 48. On May 13, 2019, the parties submit, Defendant Beltran produced dozens of documents that detailed information regarding the operations he was hired to complete and demonstrated that Advanced Storage Products, also known as J.C.M. Industries, is a proper defendant. Docket No. 54 at 3.

Based on this new information, Plaintiff and Defendant Beltran ask the Court to grant leave to amend the complaint and to set a new scheduling order. Docket No. 54. Plaintiff and Defendant Beltran submit that Plaintiff was previously unable to identify all the appropriate defendants, but has since discovered that Advanced Storage Products, also known as J.C.M. Industries, is a proper defendant in this case. *Id*. at 2. The parties further submit that, after Advanced Storage Products is added as a Defendant, the parties will voluntarily withdraw Defendant Beltran's motion to dismiss and Plaintiffs' motion for conditional collective certification. *Id*. at 9. *See also* Docket Nos. 14, 30.

**II.   Standards**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the request through a two-step process. First, courts resolve the motion to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See*, *e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause'

2

standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See*, *e.g.*, *Morgal v. Maricopa County Bd. Of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

When "good cause" has been established under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*).

### III. Analysis

The pending motion to amend was filed on June 3, 2019. *See* Docket No. 54. The deadline to amend the pleadings expired on December 9, 2018. Docket No. 17 at 3. Hence, the joint motion is governed by the "good cause" standard outlined in Rule 16. Here, Plaintiff did not obtain the relevant information concerning employment documentation until May 13, 2019. Docket No. 54 at 4. Accordingly, the Court finds that, in the circumstances of this case, Plaintiff has been diligent, and that good cause exists for the amendment. Having determined that the good cause requirement has been satisfied, the Court turns to the consideration of Rule 15 as to whether leave to amend should be granted. In light of the extreme liberality of Rule 15, the Court finds that amendment is proper in this case.

### IV. Conclusion

For the reasons discussed more fully above, the motion to amend the complaint is **GRANTED**. Plaintiffs shall file the amended complaint no later than June 18, 2019, and serve it

3

on all Defendants no later than July 19, 2019.  The Court's scheduling order at Docket No. 27 is **VACATED**.  The parties shall file an amended joint proposed discover plan and scheduling order no later than August 14, 2019.

IT IS SO ORDERED.

Dated: June 17, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge